UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| CHARLES GLENN,<br>    Petitioner,<br><br>v.<br><br>FRANCISCO QUINTANA, Warden,<br>    Respondent. | Civil Action No. 5:17-127-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Charles Glenn is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Glenn has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Glenn's petition.

In 2003, a jury found Glenn guilty of distribution of Xanax and distribution of cocaine base in violation of 21 U.S.C. § 841. *See United States v. Glenn*, No. 1:02-cr-030-JD-1 (D.N.H. 2003). The United States District Court for the District of New Hampshire determined that Glenn was a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for a controlled substance offense. *See id.* at R. 68 at 2-3; *United States v. Glenn*, 389 F.3d 283, 286 (1st Cir. 2004). Therefore, Glenn's guidelines range was 262 to 327 months in prison. *See United States v. Glenn*, No. 1:02-cr-030-JD-1 (D.N.H. 2003) at R. 68 at 3. In March 2004, the district court sentenced Glenn to 262 months in prison. *See id.* at R. 51, R. 68 at 3.

Glenn filed a direct appeal, but the United States Court of Appeals for the First Circuit affirmed his convictions and sentence. *See United States v. Glenn*, 389 F.3d 283 (1st Cir. 2004). Glenn later filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court

denied that motion and the First Circuit denied Glenn's request for a certificate of appealability. *See Charles Glenn v. United States*, No. 1:05-cv-074-JD (D.N.H. 2005) at R. 12, R. 27.

Glenn has now filed a § 2241 petition with this Court. [R. 1]. Glenn argues that his prior convictions did not qualify as controlled substance offenses for purposes of § 4B1.1 of the sentencing guidelines and, thus, the district court erred when it determined that he was a career offender. Glenn cites the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), to support his petition.

Glenn's § 2241 petition constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Glenn cannot use a § 2241 petition as a way of challenging his sentence.

Glenn nevertheless suggests that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. [R. 1-1 at 2, 5-6]. It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. *See Hill*, 836 F.3d at 599. However, in doing so, the Sixth Circuit expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive

change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. To be sure, Glenn was sentenced under the mandatory guidelines regime pre-*Booker*, and he may be foreclosed from filing a successive petition under § 2255. However, he has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions was not a controlled substance offense for purposes of § 4B1.1's career-offender enhancement. Glenn has cited *Descamps* and *Mathis*, two cases that discuss the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the Armed Career Criminal Act. But he has not demonstrated in any clear way how those cases prove that his prior convictions are not controlled substance offenses for purposes of § 4B1.1. Therefore, Glenn's § 2241 petition is simply unavailing.

Accordingly, it is hereby **ORDERED** as follows:

1. Glenn's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated October 17, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY